UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

DENICE FERNANDEZ, on behalf of herself
and all other similarly situated individuals,

    Plaintiff,

v.

ENTERPRISE HOLDINGS, INC., a business
entity,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Denice Fernandez ("Fernandez"), through her undersigned attorneys, files this Complaint against the Defendant, Enterprise Holdings, Inc. (hereinafter, "Defendant"), and alleges:

## **JURISDICTION AND VENUE**

1. This suit is brought against the Defendant pursuant to 29 U.S.C. § 201 *et seq.* ("Fair Labor Standards Act" or "FLSA").

2. Jurisdiction is conferred upon this Court by:

    (a)    28 U.S.C. § 1331;

    (b)    28 U.S.C. § 1343; and

    (c)    29 U.S.C. § 216(b), which allows for a FLSA claim to be brought in any court of competent jurisdiction. This case is brought as a collective action under § 216(b) with the class being the type of position that Fernandez had, as there are many such other employees with the accounts specialist positions throughout the United States some of whom are stationed in insurance

company offices to assist with vehicles damaged that are covered by insurance and who are non-exempt and work overtime, but are not time and one-half for all overtime hours.

3. Venue is proper for the Southern District of Florida because:

(a) Fernandez is employed in the Southern District of Florida by the Defendant which at all material times conducted, and continues to conduct, business in Broward County, Florida; and

(b) Additionally, venue lies because the acts that gave rise to Plaintiff's claims occurred in Broward County, Florida and because Defendant keeps an office for the transaction of its customary business in Broward County, Florida.

## CONDITIONS PRECEDENT/ADMINISTRATIVE EXHAUSTION

4. Plaintiff has complied with all conditions precedent in this case, or they have been waived.

## PARTIES

5. Fernandez resides within Broward County, Florida.

6. The corporate Defendant is a Florida corporation, which at all material times, conducted and continues to conduct substantial business in Broward County, Florida. The corporate Defendant pays employees and paid Fernandez and has gross annual sales volume that greatly exceeds $500,000 annually, at least for years 2015-18. The corporate Defendant has two or more employees engaged in commerce, as they have two or more who handle, work on, and use goods or materials that have been moved in interstate commerce and/or manufactured outside the state of Florida (Defendant is a nationwide company that rents cars to the motoring public including rentals when car owners get into accidents and need a temporary rental from a rental company, which is typically part of their insurance coverage).  For example, Defendant has at least 2 employees who use computers, computer software, office supplies, copiers which were manufactured outside the State of Florida

(and thus have moved in interstate commerce), and use cars and vehicles and gasoline and out of state phone calls and other communications when dealing with insurance coverage for rental cars to be provided to the public who had damage to their car and need a rental while their vehicle is being repaired or who were involved in accidents or become damaged, which vehicles and gasoline were manufactured outside the State of Florida. Further, the Defendants have a team of employees who rent vehicles, insure those vehicles, maintain those vehicles and sell those vehicles, who make many out of state phone calls and electronic and mail communication concerning their day-to-day activities in this regard and who are engaged in obtaining financing from outside the State of Florida concerning the rental vehicles.

7. Additionally, Fernandez is entitled to individual coverage, as she regularly and recurrently made calls and had other communications with Defendant's employees and other individuals across state lines and thus she participated in the actual movements of goods or services and commerce across state lines and the rental cars themselves moved across state lines (for example, she had regular and recurrent out-of-state communications when someone with a policy out of Florida was in New York or another state outside Florida, got into an accident and needed a rental while their vehicle was out of service, because the policy was issued in Florida Fernandez would handle that and have communications with body shop personnel).

8. The corporate Defendant is an "employer" pursuant to 29 U.S.C. § 203(d) of the Fair Labor Standards Act. The corporate Defendant is an "enterprise" pursuant to 29 U.S.C. § 203(r) of the Fair Labor Standards Act.

9. The corporate Defendant is an enterprise "engaged in commerce" pursuant to 29 U.S.C. § 203(s) of the Fair Labor Standards Act.

10. During all times relevant to this action, the corporate Defendant was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

11. Fernandez is an "employee" pursuant to 29 U.S.C. § 203(e)(1) of the Fair Labor Standards Act.

12. All class members are all employees of the Defendant and the Defendant are their employer under the FLSA.

13. Fernandez was a non-exempt employee of Defendant who was subject to the payroll practices and procedures described in Paragraphs 23, 24, and 25 below, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

14. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §§ 201-219 in that Fernandez performed services for Defendant for which no provision was made to properly pay for those hours in which overtime was required to be paid, which requires the payment of wages at time and one-half for all hours worked in excess of forty (40) hours in each workweek.

## STATEMENT OF FACTS

15. Within the past three (3) years (June 26, 2015 to June 26, 2018), Fernandez (who had the job title account specialist, and who was paid hourly) worked for the Defendant performing clerical duties, data processing, talking on the phone, and dealing with other employees and third parties concerning the rental of vehicles to individuals who had such insurance coverage for when their vehicles were damaged.

16. Fernandez's duties included doing whatever tasks the Defendant instructed her to perform, in the last three years her supervisor Diana Fein, which consisted largely of data entry dealing with insurance matters concerning vehicles rented to holders of insurance policies who had rental car coverage when their covered vehicle needed repairs and/or was inoperable, and in so doing dealt with body shops, customers, co-workers of the corporate Defendant and others concerning dealing with the rental of these vehicles.

17. Fernandez did not have the ability to hire or fire anyone (nor did she hire or fire anyone), and she did not regularly and customarily direct the work of any employees, much less two or more full-time workers.

18. Fernandez was only given tasks that were designed to facilitate the vehicle rental business of the Defendant, such as the tasks described above, all of which consisted of regular, recurrent, and routine work that did not involve her exercising independent judgment and discretion on matters of significance.

19. Fernandez's primary duties were not management. Fernandez was a production worker communicating with various individuals with respect to their service of renting cars to the general motoring public and would inform Defendant of that information, so that others could decide how best to bind the Defendant. Fernandez could not sign any contract, agreement, lease, or any binding document.

20. Fernandez did not have any authority to interview, select, and/or train employees. Fernandez did not have any authority to set and adjust the rates of pay and hours of work for any employees. Fernandez had no authority to direct the work of employees. Fernandez did not maintain production or sales records at all when she worked for the Defendant, nor did she use any such records to supervise or control any employee. In fact, Fernandez does not even know anything about the profitability of lack thereof of the Defendants' vehicle rental business. It was not her responsibility. Fernandez does not know whether the vehicle rental business made money or lost money. Fernandez does not know whether the vehicle rental business was supposed to make or lose money, and if so, how much. Fernandez knows nothing about the sales numbers or figures of the vehicle rentals, as that was not her responsibility, but rather the responsibility of someone else in higher management. For example, Fernandez had nothing to do with setting rental amounts or terms, determining whether the rentals should be allowed, were consistent with the

insurance policy, financed, and if so, through which lender and at which terms. Fernandez did not supervise any staff. Fernandez had absolutely no say concerning any of the costs that the vehicle rentals incurred. For example, concerning wages paid to employees, Fernandez had no say concerning what any particular employee would be paid, how many employees could work in the vehicle rental business, when, what hours they could work, whether their pay should be increased or decreased, as all of that was determined by the Defendants. Fernandez was scheduled to work for 7:30 a.m. – 4:30 p.m. and work through lunch (which she did), plus approximately 10 additional hours of overtime per week after 4:30 p.m. and on weekend and at night at home for a total of approximately 55 hours of compensable work a week (while being paid hourly only for 40 hours). Concerning the financing of the rental fleet, Fernandez had no idea what those costs were, and has no idea what any other costs were, as her job did not deal with profit and loss statements, costs, and revenue. Fernandez had no authority to spend any of the Defendant's money at all, and had no authority to authorize the payment of bills. Fernandez never opened up any mail that came to the office for purposes of making any decision concerning the vehicle fleet with respect to that mail.

21. While Fernandez worked for the Defendant, she never appraised employees' productivity and/or efficiency for the purpose of recommending promotions or other changes in status. While Fernandez worked for the Defendant, she never handled employee complaints and grievances, as that was for the Defendant to do. Also, Fernandez never disciplined employees, nor did she have the power or authority to do that. Fernandez did not plan any work for any employee, as there was no work to plan. Fernandez never determined any techniques to be used by employees to do their job, as she could not tell a laborer how to fix anything. Fernandez never apportioned work among any employees, as there were no employees who reported to her to whom to apportion work. Fernandez never determined the type of materials, supplies, machinery, equipment, or tools

6

to be used by any employees, as the Defendant or the employees themselves decided all of that. Fernandez had no involvement in controlling the flow and distribution of materials or merchandise and supplies. Fernandez had nothing whatsoever to do with materials, merchandise, or supplies or their distribution. Fernandez had minimal involvement with respect to budgeting, while she did not plan or control any budget, she did draft a draft budget for certain properties based on existing data for the use of the Defendant. Fernandez was not involved in reviewing any sort of financial documents or statements of the buildings, and she did not review any such documents, nor was Fernandez supposed to. Fernandez had no involvement in monitoring or implementing legal compliance measures. There were no legal issues that Fernandez had anything to do with in terms of deciding how they would be handled or dealt with while she worked for Defendant, nor did she have anything to do with paperwork concerning new employees or hires. Fernandez simply followed the well-established techniques and procedures with respect to issues pertaining to the provision of renal vehicles while an insurance policyholder had their vehicle in for service, all of which was repetitive, routine, and recurrent work.

22.     Fernandez did not do anything that could have resulted in financial losses for the Defendants. Fernandez did not perform work that was directly related to management or general business operations of Defendants or their customers, because Fernandez did not perform work directly related to assisting with the running or servicing of the business, but rather was engaging in production work (repeatedly dealing with paperwork and communications associated with the provision of rental vehicles to policyholders whose vehicles were damages). Fernandez also did not perform work directly related to the management or general business operations of the Defendants because Fernandez did not work in a functional area such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor

7

relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.  Rather, Fernandez was one more person looking to perform production work the Defendants rely on so heavily, people to take down information and make provisions for the provision of rental vehicles as discussed.

23. In the course of employment with Defendant, Fernandez worked the number of hours required of her, but was not paid time and one-half for all hours worked in excess of forty (40) during a workweek.

24. Fernandez regularly worked in excess of forty (40) hours per workweek.

25. The Defendant is not going to have accurate records of hours worked, because it required hours worked off of the clock and/or kept no records of the hours worked by Fernandez. Fernandez received paychecks stating that the pay was to compensate her for her first 40 hours worked, with no compensation for any of the overtime hours worked.

26. Fernandez has retained the undersigned legal counsel to prosecute this action in their behalf, and have agreed to pay them a reasonable fee for their services.

27. Fernandez is entitled to their reasonable attorneys' fees for prosecuting this action, whether or not they are the prevailing party.  Fernandez made a reasonable presuit demand on the Defendants to attempt to resolve both this case and a discrimination and harassment case that she has against the Defendants, but was unable to obtain a resolution.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

28. Fernandez re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 27 above as though fully set forth.

29. Fernandez is entitled to be paid time and one-half for each hour worked in excess of forty (40) in each workweek.

30. By reason of the intentional, willful, and unlawful acts of Defendant, Fernandez has suffered damages, *e.g.*, back pay for overtime wages, liquidated damages, and compensatory damages, plus incurring costs and reasonable attorneys' fees.

31. As a result of the Defendant's willful violations of the Act, and the failure to pay overtime which was not in good faith, as discussed above, Fernandez is entitled to liquidated damages as provided in § 216 of the FLSA, and are entitled to recover damages for three (3) years.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Fernandez demands judgment against Defendants for the wages and overtime payments due her for the hours worked by her for which she has not been properly compensated (back pay), liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including pre-judgment interest, and any further relief that the Court deems necessary.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: ___June 26, 2018_____

                                              Glasser & Kleppin, P.A.
                                              8751 W. Broward Blvd.
                                              Suite 105
                                              Plantation, FL 33324
                                              Tel. (954) 424-1933
                                              Fax  (954) 474-7405
                                              E-mail: ckleppin@gkemploymentlaw.com

                                              By:__s/Chris Kleppin_____
                                                    Chris Kleppin
                                                    Fla. Bar No. 625485